UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BETTY JANE AYERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-0551 (ABJ) |
| ROBERT M. WILKINSON, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER TO SHOW CAUSE**

For the reasons set forth below, plaintiff is hereby **ORDERED** to show cause by April 28, 2021 why the Court has subject matter jurisdiction over the action.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). Subject matter jurisdiction may not be waived, and "courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden . . . from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).

"To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011), citing *Allen v. Wright*, 468 U.S.

737, 751 (1984); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing is a necessary predicate to any exercise of federal jurisdiction, and if it is lacking, then the dispute is not a proper case or controversy under Article III, and federal courts have no subject-matter jurisdiction to decide the case. *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012).

To establish constitutional standing, a plaintiff must demonstrate that (1) she has suffered an injury-in-fact; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61, quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–43 (1976) (internal quotation marks and edits omitted); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180–81 (2000). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan*, 504 U.S. at 561.

Given those prerequisites, there are two issues that must be addressed in this case: injury-in-fact and redressability. To allege the first element of standing, injury-in-fact, a plaintiff must demonstrate that she has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), quoting *Lujan*, 504 U.S. at 560. To be "concrete," the injury "must actually exist," meaning that it is real, and not abstract, although concreteness is "not . . . necessarily synonymous with 'tangible.'" *Id.* at 1548–49. And to be "particularized," the injury must affect a plaintiff "in a personal and individual way." *Id.* at 1548, quoting *Lujan*, 504 U.S. at 560 n.1. Significantly for this case, a "plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lujan*, 504 U.S. at

573–74; *see also Am. Legal Found. v. FCC*, 808 F.2d 84, 92 (D.C. Cir. 1987) (observing that such a showing requires "more than allegations of damage to an interest in 'seeing' the law obeyed or a social goal furthered").

Therefore, plaintiff must show cause why she has alleged sufficient facts to establish that she has suffered the injury-in-fact that is necessary to confer standing to pursue this action by April 28, 2021.

Second, even if plaintiff can allege facts to demonstrate that she has been injured in a particularized way by the conduct of which she complains, she must also show that it is likely that her injury will be redressed by a favorable decision. "To satisfy this element, a plaintiff must show in the first instance that the court is capable of granting the relief sought." *Love v. Vilsack*, 908 F. Supp. 2d 139, 144–45 (D.D.C. 2012); *Swan v. Clinton*, 100 F.3d 973, 976 (D.C. Cir. 1996) (indicating that the "redressability" element of standing entails the question of "whether a federal court has the power to grant [the plaintiff's requested] relief").

Here, plaintiff seeks a writ of quo warranto under D.C. Code §§ 16-3501–03. Under that statute:

> A quo warranto may be issued from the United States District Court for the District of Columbia in the name of the United States against a person who within the District of Columbia usurps, intrudes into, or unlawfully holds or exercises, a franchise conferred by the United States or a public office of the United States, civil or military. The proceedings shall be deemed a civil action.

D.C. Code § 16-3501. Plaintiff must also show cause by April 28, 2021 why her claims are redressable under this statute. In doing so, she must address why the Court would be capable of ordering any of the things she requests, including ordering: (1) public officials to resign; (2) the military to arrest and prosecute defendants for treason; (3) the military "to look through the entirety

of *all* government resources, records, division, and agencies for ALL blackmail tapes of anyone in any government position past or present"; (4) the military or other government officials to confer with private citizens in order to obtain evidence; (5) the military to oversee replacement elections. *Cf.* Compl. [Dkt. # 1] at 15–26; *see generally Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE:  April 7, 2021