UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BETTY JANE AYERS,            ) | |
|                              ) | |
| Plaintiff,     ) | |
|                              ) | |
| v.                           ) | Civil Action No. 21-0551 (ABJ) |
|                              ) | |
| ROBERT M. WILKINSON, *et al.*,) | |
|                              ) | |
| Defendants.    ) | |

**ORDER**

On March 1, 2021, plaintiff filed a complaint against a number of government officials, including the then-Acting Attorney General of the United States, Robert M. Wilkinson; the Chief Justice of the United States Supreme Court, John G. Roberts Jr; the Speaker of the United States House of Representatives, Nancy Pelosi; the President of the United States, Joseph R. Biden, Jr; the Vice President of the United States, Kamala Harris; and every Member of the United States Congress.  Compl. [Dkt. # 1].

The complaint alleges that certain government officials have either participated in, or are aware of other officials' participation in, the "repeated rape of [] innocent, defenseless babies." Compl. at 6.  The complaint adds that videos of these actions were made "for purposes of blackmail," and that Chief Justice Roberts has been recorded plotting the murder of other justices of the Supreme Court.  Compl. at 6–7.  In support of these allegations, plaintiff submitted a link to a video from a man whose online persona is "JohnHereToHelp," which allegedly reveals that these "heinous crimes" have been documented "on video and in audio tapes," but have been laying dormant with various government agencies for years.  Compl. at 6.  She adds that "Chief Justice

1

Roberts is wrongfully exercising his power in being a judge, and all others appearing in these tapes, involved in the making of and subsequent hiding of these tapes have wrongfully exercised their powers."  Compl. at 7.

In order to remedy this, the complaint requests, among other things, that the Court order: (1) public officials to resign; (2) the military to arrest and prosecute defendants for treason; (3) the military "to look through the entirety of *all* government resources, records, division, and agencies for ALL blackmail tapes of anyone in any government position past or present"; (4) the military or other government officials to confer with private citizens in order to obtain evidence; and (5) the military to oversee replacement elections.  Compl. at 15–26 (emphasis in original).

On April 7, 2021, the Court issued an order [Dkt. # 2] ("Order") detailing the requirements set forth in *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) and directing plaintiff to show cause by April 28, 2021 why it had subject matter jurisdiction to hear the case.  Specifically, plaintiff was ordered to explain:  (1) "why she has alleged sufficient facts to establish that she has suffered the injury-in-fact that is necessary to confer standing to pursue this action"; and (2) why her claims are redressable under D.C. Code §§ 16-3501–03, that is, "why the Court would be capable of ordering any of the things she requests."  Order at 3.

As of the date of this order, plaintiff has not responded directly to the order to show cause.  However, on May 5, 2021, she filed a motion to "dismiss" the Order "as unconstitutional," arguing that she is "a demandant" as opposed to a plaintiff, that the burden of proof should be on the respondents, and that it violates the First Amendment of the Constitution[1] to order her "to show

---

1   The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

2

cause under any other law than the Constitution." Mot. to Dismiss as Unconstitutional [Dkt. # 3] ("Mot.") at 1. This filing makes it clear for the record that she received the order and has had time to compose and docket a response.

As plaintiff notes, she is pro se and is not an attorney. Compl. at 12. *Pro se* pleadings are "to be liberally construed," *Estelle v. Gamble,* 429 U.S. 97, 106 (1995), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation marks omitted). That being said, plaintiff cannot simply assert that her "writ shall not be set aside for mistake in form, citation of law, or submission, or for any other reason." Compl. at 12. Indeed, the order to show case is specifically based on the Constitution—as plaintiff maintains it should be. It is because the Court's authority is limited by Article III of the Constitution that the Court cannot accede to plaintiff's demand to be treated differently from other would-be claimants; a federal court is "forbidden . . . from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). Subject matter jurisdiction may not be waived, and "courts may raise the issue *sua sponte*." *NetworkIP*, 548 F.3d at 120, quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982).

"To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011), citing *Allen v. Wright*, 468 U.S.

3

737, 751 (1984); *see also Lujan*, 504 U.S. at 560.  Standing is a necessary predicate to any exercise of federal jurisdiction, and if it is lacking, then the dispute is not a proper case or controversy under Article III, and federal courts have no subject-matter jurisdiction to decide the case.  *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012).

To establish constitutional standing, a plaintiff must demonstrate that (1) she has suffered an injury-in-fact; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Lujan*, 504 U.S. at 560–61, quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–43 (1976) (internal quotation marks and edits omitted); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180–81 (2000).  The party invoking federal jurisdiction bears the burden of establishing standing.  *Lujan*, 504 U.S. at 561.

The first problem with plaintiff's complaint is that she has not pled facts sufficient to establish the first element of standing, injury-in-fact.  To show injury-in-fact, a plaintiff must demonstrate that she has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), quoting *Lujan*, 504 U.S. at 560.  To be "concrete," the injury "must actually exist," meaning that it is real, and not abstract, although concreteness is "not . . . necessarily synonymous with 'tangible.'"  *Id.* at 1548–49.  And to be "particularized," the injury must affect a plaintiff "in a personal and individual way."  *Id.* at 1548, quoting *Lujan*, 504 U.S. at 560 n.1.  Significantly for this case, a "plaintiff raising only a generally available grievance about government – claiming only harm to [her] and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits [her] than it does the public at large – does not state an Article III case or controversy."  *Lujan*, 504 U.S. at

573–74; *see also Am. Legal Found. v. FCC*, 808 F.2d 84, 92 (D.C. Cir. 1987) (observing that such a showing requires "more than allegations of damage to an interest in 'seeing' the law obeyed or a social goal furthered").

Here plaintiff has not alleged any facts to show that the complained of circumstances or the relief she seeks would affect her differently than the public at large. In fact, throughout the complaint plaintiff styles herself as a representative of "We the People," reinforcing the conclusion that she is pressing a generalized, as opposed to a personal, grievance.

The second problem with the complaint is that plaintiff has not shown that her injury would be redressed by a favorable decision. "To satisfy this element, a plaintiff must show in the first instance that the court is capable of granting the relief sought." *Love v. Vilsack*, 908 F. Supp. 2d 139, 144–45 (D.D.C. 2012); *Swan v. Clinton*, 100 F.3d 973, 976 (D.C. Cir. 1996) (indicating that the "redressability" element of standing entails the question of "whether a federal court has the power to grant [the plaintiff's requested] relief").

Here, plaintiff seeks a writ of quo warranto under D.C. Code §§ 16-3501–03. That provision states:

> A quo warranto may be issued from the United States District Court for the District of Columbia in the name of the United States against a person who within the District of Columbia usurps, intrudes into, or unlawfully holds or exercises, a franchise conferred by the United States or a public office of the United States, civil or military. The proceedings shall be deemed a civil action.

D.C. Code § 16-3501.

Notwithstanding that provision, the Court lacks the authority to compel the executive branch to initiate a prosecution. *See generally Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("This Court has recognized on several occasions over many years that an agency's decision not to

prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."). Also, plaintiff has not provided any support for her suggestion that this Court—or any court—can compel the military to undertake an investigation, oversee an election, or unseat duly elected or appointed federal officials. In sum, the remedies plaintiff seeks are not supplied by the statute on which she predicates her case, and such wide-ranging relief is simply beyond the power of a federal court.

Because plaintiff does not have standing under Article III of the Constitution to pursue her claims, the complaint is **DISMISSED** for lack of subject matter jurisdiction.

This is a final, appealable order.

AMY BERMAN JACKSON
United States District Judge

DATE: May 10, 2021